ABNER S. TAYLOR *vs.* COUNTY COMMISSIONERS OF PLYMOUTH.

Under the Rev. Sts. *c.* 39, § 57, which provide that a party, who is dissatisfied with the estimate, made by county commissioners, of the damages caused by taking land for a rail road, " may apply for a jury to assess the damages, either at the same meeting at which such estimate shall be completed and returned, or at the next regular meeting thereafter," if a party applies for a jury, at the same meeting at which the estimate is completed and recorded, and a jury is then ordered, and a warrant therefor issued, he cannot, by merely omitting or refusing to proceed under that order and warrant, entitle himself to a jury on applying therefor at the next regular meeting of the commissioners.

THIS was a petition for a mandamus, to be directed to the county commissioners of Plymouth, commanding them to pass an order for summoning a jury to estimate the damage done to the petitioner by the Old Colony Rail Road Corporation, by taking his land, and constructing their road upon it
38 *

The petitioner alleged, in his petition, that said commission-
ers, on his application, assessed his damages, sustained by the
construction of said rail road, at $300, and caused their assess-
ment and award to be recorded at their regular meeting on the
first Tuesday of August 1846; that he immediately made
known to the commissioners, in writing, his dissatisfaction
with their assessment and award, and applied to them, in
writing, that his damages, so sustained, might be estimated
and found by a jury; and that the commissioners, at their
regular meeting aforesaid, passed an order that a jury be sum-
moned for the purposes before mentioned; " that it was not
convenient, by reason of sickness and affliction, to cause a
jury to be summoned and to give their verdict, within three
months next after the time of passing said order, and a jury
was not summoned, and no verdict was agreed upon or ren-
dered by a jury, in the premises; whereupon the petitioner
applied to said commissioners, at their regular meeting at
Plymouth, on the first Tuesday of January 1847, being the
next regular meeting of said commissioners, after the said
award and assessment of damages was made and recorded by
them, as before mentioned, praying them that said order for a
jury might be renewed, or a new order passed for summoning
a jury in the premises, for the purposes mentioned in his
original application for a jury, as aforesaid; " that said com-
missioners caused notice of said last application to be given
to said Rail Road Corporation, and appointed a time for hear-
ing the parties thereon, and after a full hearing thereon, of
both parties, said commissioners refused to order a jury to be
summoned upon said application, and ordered that the pe-
titioner take nothing thereby.

The county commissioners filed an answer to said petition,
averring that, at their meeting in August 1846, they passed
the order mentioned in said petition, and caused a warrant to
be issued to the sheriff of Plymouth, directing him to sum-
mon and empanel a jury to assess the petitioner's dam-
ages in the premises, which warrant they then put into the
hands of the petitioner, to be by him delivered to said sheriff;

That the petitioner, at their next regular meeting in January 1847, returned said warrant to them, with no return thereon by said sheriff, but with an indorsement thereon, in these words : " In consequence of sickness in my family, and other circumstances conspiring to prevent getting through with the jury trial, within the three months prescribed by law, I return the papers and warrant for a jury, into the clerk's office, unexecuted. Abner S. Taylor." That, at said last mentioned meeting of the commissioners, the petitioner also presented to them a petition for another order and warrant for a jury to assess his said damages; but that they, believing that they had no authority to grant said last mentioned petition, ordered that it be refused, and that the petitioner take nothing thereby.

*Coffin,* for the petitioner.

*T. H. Russell,* for the respondents.

DEWEY, J. The right to a jury to assess the damages occasioned by the laying out of a rail road is given by Rev. Sts. *c.* 39, § 57. The application for such jury is to be made either at the same term at which the estimate of the county commissioners shall be completed and returned, or at their next regular meeting thereafter. The petitioner made his application for a jury, in due season, being at the term when the estimate of damages was returned by the commissioners, and a jury was then ordered, and a person appointed to preside at the hearing of the case before the jury. The warrant for such jury was duly made out and delivered to the petitioner, who wholly neglected to cause any further proceedings to be had thereon within three months from the date of the order for a jury. He now demands, as a matter of right, a second order for a jury. His second application, having been made at the next term after the estimate of damages by the county commissioners was returned, was in due time, as an original application, and, if not barred by his previous application and the order thereon, ought to be granted. The case, therefore, opens the inquiry as to the effect of the first order and warrant for a jury. The petitioner contends that no jury having in fact been called out in pursuance of it, it

may be treated as a nullity, and his second application for a jury be considered as an original one. This view of the case does not seem to us to be a reasonable one. Some effect should be given to the first petition and the order thereon. The petitioner may select either of the periods named in the statute for filing his petition for a jury; but whenever filed, it requires action on the part of the county commissioners, and notice to the rail road corporation, and the corporation may appear and request the appointment of a presiding officer at the hearing before the jury, and such appointment may be made, and all the preliminary arrangements thus settled. The case having proceeded thus far, we do not think the petitioner, at whose request the jury has been ordered, can arbitrarily discontinue all further proceedings on such order, without affecting his right to make a new application for a jury.

Various cases may occur where the party would be entitled to a new jury. By force of the Rev. Sts. c. 24, § 35, it is so, when a jury, upon being called out, shall not agree on a verdict; and if, for any error, the proceedings are set aside upon a writ of *certiorari*, the party may have a new jury. To these cases may be added, generally, all others, where a verdict has failed to be returned, by some inevitable casualty, or the fault of some public officer charged with the execution of the process. If the person appointed to preside should, by reason of sickness or absence from the Commonwealth, or by declining to serve, thereby prevent the hearing before the jury, it might furnish a proper reason for a new warrant and order for a jury. Other cases might be mentioned, which might produce a like effect.

When such cases occur, a new petition is to be presented setting forth the reasons for not proceeding on the origina order, and praying for a new one. We understand, in the present case, that no sufficient reason was shown to exist for not executing the first order, and that it was neglected to be executed at the will of the petitioner, and for no good cause. The petitioner contends that he had the legal right, at his

pleasure, to omit all further action on the first warrant, and demand, as of right, a second order for a jury. This, we think, he was not authorized to do. Having elected to take his order for a jury, at the meeting of the commissioners when they returned their estimate, he was bound to proceed thereon, unless he shows a good excuse therefor. The fact alleged as an excuse was of a character that was to be considered and adjudged upon, as to its existence, by the commissioners. We do not understand it to be suggested that there was any real incapacity of the party, disabling him from proceeding under the first warrant. We think the case not a proper one for a mandamus to the county commissioners.

*Petition dismissed.*